FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMANDA C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | No. 4:19-CV-05133-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 19. Attorney Chad Hatfield represents Amanda C. (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 24, 2015 and March 13, 2015, respectively, alleging disability since February 10, 2012, due to fatigue, herniated discs, back pain, muscle pain, knee pain, Sjorgren's disease, and anxiety. Tr. 119-20. The applications were denied initially and upon reconsideration. Tr. 170-73, 176-80. Administrative Law Judge (ALJ) Moira Ausems held a hearing on January 4, 2018, Tr. 41-86, and issued an unfavorable decision on May 15, 2018, Tr. 20-31. Plaintiff requested review from the Appeals Council. Tr. 224-27. The Appeals Council denied Plaintiff's request for review on March 14, 2019. Tr. 1-5. The ALJ's May 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 17, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1978 and was 33 years old as of her alleged onset date. Tr. 29. She has a high school education and her primary work history was as a school bus driver. Tr. 290. She developed back pain in 1999 when she was thrown across a room, landing on her back, in an episode of domestic violence. Tr. 620, 746. She was also in a motor vehicle accident in 2007 that resulted in persistent neck pain. Tr. 398, 598, 613. She stopped working as a school bus driver in 2012 when she was no longer physically capable of tolerating the work. Tr. 59-60. She attempted to work several times during the relevant period, doing on-call taxicab driving and working the weekend swing shift at a truck weigh station, where she was allowed several accommodations for her physical conditions. Tr. 64-68, 72.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific

Case 4:19-cv-05133-JTR    ECF No. 21    filed 06/15/20    PageID.1003    Page 4 of 14

jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 15, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 12, 2013.[1]  Tr. 23.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical spondylosis; and L5-S1 spondylosis and disc desiccation. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion level work with the following limitations:

> She must have a reasonable sit stand option up to five non-continuous minutes per hour, which does not involve leaving the work station, and does not require more than occasional climbing of ramps, stairs, balancing, crouching, crawling, kneeling, or stooping. She must never climb ladders, ropes, or scaffolds, and must avoid concentrated exposure to extreme cold, with no exposure to hazards such as unprotected heights, dangerous moving machinery, or commercial driving. She can engage in the performance of more than simple, routine tasks, as well as more complex tasks that do not involve the degree of detail found in a managerial setting or that would be required in jobs rated higher than semiskilled in nature. Further, she

---

[1] The ALJ found there was no good cause to reopen a prior application that was denied on August 11, 2013. The ALJ thus adjudicated the current claim from August 12, 2013 forward. Tr. 21.

should not engage in tasks involving more than superficial interaction with the general public.

Tr. 24-25.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a bus driver. Tr. 29.

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of housekeeping cleaner, marking clerk, and food assembler. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinions; (2) failing to find mental impairments severe at step two; (3) failing to find Plaintiff's impairments met or equaled a listing at step three; (4) improperly rejecting Plaintiff's symptom testimony; and (5) conducting an inadequate analysis at step five.

## DISCUSSION

**1.    Treating ARNP Eleanor Walker**

Plaintiff asserts the ALJ improperly rejected a number of medical opinions, including that of Plaintiff's treating ARNP Eleanor Walker. ECF No. 18 at 13-14.[2]

---

[2] The other opinion evidence will be addressed below in relation to the severity of Plaintiff's mental health conditions.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if she provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

In November 2017, Ms. Walker completed a medical statement for WorkFirst, through the Department of Social and Health Services. Tr. 642-44. Ms. Walker opined Plaintiff was unable to stand, walk or sit for more than two hours. Tr. 642. She further noted Plaintiff was severely limited in lifting and carrying, being unable to lift even two pounds. Tr. 643. She opined Plaintiff could only participate in work activity for 1-10 hours per week. Tr. 642.

The ALJ gave this opinion little weight. Tr. 28. She reasoned that Ms. Walker's opinion that Plaintiff was unable to perform competitive employment was outside of her medical expertise and unsupported by appropriate clinical findings. *Id.* The ALJ further found the opinion inconsistent with Ms. Walker's own examination notes showing negative straight leg raises and was unsupported by Plaintiff's reported abilities with respect to household chores and errands. *Id.*

Plaintiff argues the ALJ's analysis is insufficient, noting that Ms. Walker's opinion was on Plaintiff's physical capabilities and not on the ultimate issue of disability, and thus was within her area of expertise. ECF No. 18 at 13-14. She further argues that the ALJ disregarded the clinical findings that are supportive of Ms. Walker's opinion, both in her own notes and in the record as a whole. *Id.* Finally, she notes that the identified activities are not inconsistent with Ms. Walker's opinion, and thus do not undermine her conclusions. *Id.* Defendant argues the ALJ reasonably found the opinion inconsistent with the record and the clinical findings and emphasized that the ALJ owes no special consideration to opinions on issues reserved to the Commissioner. ECF No. 19 at 14-15.

The Court finds the ALJ's discussion is insufficient. Ms. Walker did not comment on an issue reserved to the Commissioner; the ALJ's statement that Ms. Walker opined "that the claimant is unable to perform competitive employment" is

not an accurate summary. Ms. Walker opined on Plaintiff's physical limitations stemming from her medical conditions, which is entirely within her area of expertise as Plaintiff's medical provider.

The ALJ's rationale that Ms. Walker's opinion is inconsistent with her own examination noting a negative straight leg raise test is not clearly germane to the analysis. As the ALJ acknowledged, Ms. Walker's exam notes contain other objective findings, including limited range of motion and tenderness. Tr. 646. Ms. Walker also reviewed Plaintiff's most recent MRI and had a nearly two-year treatment relationship with Plaintiff. Tr. 645, 838. Therefore, the ALJ's implication that there was no medical basis for the opinion simply because the straight leg raise test that day was negative is insufficient.

Finally, the ALJ failed to identify any activities that are actually inconsistent with Ms. Walker's opinion. The ability to cook meals, grocery shop, and do some minimal yard work is not inconsistent with the opinion that Plaintiff can lift very limited amounts of weight or be on her feet for only a few hours per day. Furthermore, Plaintiff testified that her children will help her with grocery shopping, including lifting all of the heavy items. Tr. 73-74.

On remand, the ALJ will reevaluate the opinion of Plaintiff's medical provider.

**2.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 18 at 16-20.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v.*

*Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 27. The ALJ found Plaintiff's allegations to be unsupported by the objective medical evidence, evidence of improvement with treatment, and her activities, including work attempts throughout the relevant period. Tr. 25-27.

Plaintiff argues the ALJ grossly mischaracterized the record and ignored substantial evidence supporting Plaintiff's testimony. ECF No. 18 at 16-20. She further argues that none of the identified activities show any greater ability than alleged by Plaintiff, and argues her work attempts were minimal and accommodated. *Id.* Defendant argues the ALJ reasonably pointed to evidence of improvement and inconsistent objective findings, and Plaintiff's alternative interpretation of the record is insufficient to demonstrate legal error. ECF No. 19 at 6-9.

The Court finds the ALJ failed to offer specific clear and convincing reasons for discounting Plaintiff's symptom allegations.

While a claimant's daily activities may support an adverse credibility finding if the activities contradict her other testimony, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), the mere fact that a claimant is capable of performing some

basic daily activities does not necessarily detract from her overall credibility. *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The ALJ noted Plaintiff's ability to engage in light housework, grocery shop, cook meals, and do some minimal gardening as evidence contrary to her reported limitations. Tr. 27. None of these activities are inconsistent with Plaintiff's reports that she is only able to lift very light weights and can only be on her feet for short periods of time. She testified that her children accompany her grocery shopping and do all the lifting. Tr. 73-74. Her children also help with the more strenuous housework. Tr. 65, 614-15. She also testified that when she does do chores, she will only work for a short time and then go lay down to relieve back pain. Tr. 63. The Ninth Circuit has acknowledged "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). While Plaintiff reported on her function report in 2015 that she was able to go hiking, she stated it was "hit or miss" and she was not asked and did not elaborate on how long or how often or how strenuous or recent these hikes were. Tr. 355. This single entry does not constitute substantial evidence of activities inconsistent with Plaintiff's reported symptoms. Notably, the Commissioner did not rely on the ALJ's use of Plaintiff's activities in defending the decision. ECF No. 19 at 6-9.

An ALJ may consider the treatment an individual has received and the effectiveness of that treatment in assessing a claimant's allegations. Social Security Ruling 16-3p. However, evidence of temporary relief or cycles of waxing and waning symptoms does not demonstrate inconsistency with a claimant's overall allegations of limitations. While Plaintiff reported some improvement with physical therapy, or relief of symptoms the day of treatments, the relief was not sustained and she continued to report symptoms. *See e.g.,* Tr. 753-54. Furthermore, improvement in her neck pain did not equate to elimination of her back condition.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

Because none of the ALJ's other reasons satisfy the clear and convincing standard, a lack of support from the medical records alone is an insufficient basis. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Furthermore, the Court notes that the ALJ's discussion of the objective evidence does contain citations to objective findings that appear to support Plaintiff's claims. Tr. 25-26 (noting imaging showing moderate degenerative changes, moderately severe spondylosis, and moderate to severe disc desiccation; reduced range of motion and strength testing; and positive straight leg raise tests).

On remand, the ALJ will reevaluate Plaintiff's subjective allegations and make specific clear and convincing findings regarding the reliability of those reports.

**3.     Step three**

Plaintiff argues the ALJ erred in making inadequate step three findings. ECF No. 18 at 15-16. Specifically, she asserts the ALJ's discussion was conclusory and incorrect with respect to Listing 1.04A.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Listing 1.04 concerns disorders of the spine, and is met when the evidence shows:

> compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor

    loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.04A.

  The ALJ found Plaintiff's conditions did not meet or equal any listed impairment. Tr. 24. She stated: "Specifically, her cervical and lumbar spondylosis, with disc desiccation, does not meet listing 1.04 because there is no evidence of: (a) nerve-root compression, limited spinal motion, and motor loss accompanied by sensory or reflex loss." *Id.* The ALJ offered no further explanation for her conclusion.

  The Court finds the ALJ's analysis is insufficient. Imaging shows degenerative disc changes at L5-S1 abutting the S1 nerve roots. Tr. 756, 866-67. The record contains evidence of associated neuro-anatomic distribution of pain in Plaintiff's complaints throughout the relevant period of low back pain radiating into the groin and legs. She has demonstrated limitations in the motion of her spine, Tr. 622, 646, 746, 840, 856, along with muscle weakness and sensory and reflex loss. Tr. 747, 829, 878. She has had positive straight-leg raising tests. Tr. 445, 840. It therefore appears on the record that each of the factors characterizing nerve root compression are present.

  Defendant does not address Plaintiff's assertion that each part of Listing 1.04A is met. Instead, Defendant focuses on the lack of evidence that Plaintiff's impairments resulted in an inability to ambulate effectively. ECF No. 19 at 17-19. However, the inability to ambulate effectively is only an element of Listing 1.04C. Plaintiff does not argue that her impairments meet Listing 1.04C.

  The ALJ's conclusory statement that the record does not contain evidence of listing-level severity is not supported by substantial evidence. "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to

support a conclusion that a claimant's impairment" does not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Plaintiff encourages this Court to remand the claim for an immediate calculation of benefits. However, the Court finds that further proceedings are needed to properly evaluate whether the identified evidence reaches listing-level severity, and if so, whether the durational requirement was met and what the appropriate onset date of disability is. If necessary, the ALJ should call on a medical expert to answer these questions.

**4.    Mental impairments**

Plaintiff argues the ALJ erred in failing to find her mental impairments severe at step two and in improperly rejecting medical evidence commenting on her mental abilities. ECF No. 18 at 10-13, 14-15. Defendant argues that the ALJ adequately discussed the minimal evidence regarding mental impairments and that any error was harmless due to the RFC accounting for all recommended limitations. ECF No. 19 at 10-13, 16-17.

The Court finds the ALJ did not err. The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

The ALJ reasonably noted that the record contained an unremarkable consultative psychological exam and lacked any mental health treatment. Tr. 24. She found the references to anxiety in the record to be a non-medically determinable impairment as Plaintiff had not been diagnosed with the condition by an appropriate clinician. *Id.*

Though the state agency reviewing doctors and the consultative examiner identified depression/affective disorder as a diagnosis, they did not assess specific

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

limitations in excess of those included in the RFC. Tr. 115, 143, 616. Therefore, even if the failure to list depression as severe was error, the error would be harmless because step two was resolved in Plaintiff's favor, and Plaintiff fails to identify any credited limitation associated with depression that was not considered by the ALJ and incorporated into the RFC. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). The ALJ's step two finding is legally sufficient.

However, on remand, the ALJ will reconsider all medical evidence and any new evidence submitted and make new step two findings as warranted.

**5.    Step five**

Plaintiff argues the above errors resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 18 at 20-21. Considering the case is being remanded for the ALJ to correct other errors, the ALJ shall also complete the five-step analysis and make a new step five determination as necessary.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints and make new findings on each of

the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED June 15, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE